UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS CHADWICK,**<br>              **Plaintiff,**<br>    v.<br>**ELECTROCORE, INC.,**<br>              **Defendant.** | Civ. No. 22-05081 (KM) (AME)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

      Thomas Chadwick licensed images to ElectroCore, Inc. ("ElectroCore") for use in a marketing campaign. ElectroCore allegedly used the images beyond the temporal and geographic limits specified in the licenses. Chadwick thus sued ElectroCore for copyright infringement. ElectroCore now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(b)(c). (DE 22.)[1] For the following reasons, the motion for judgment on the pleadings is **DENIED**.

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Compl. = Complaint (DE 1)

    Compl. Ex. 1–4 = Complaint Exhibits 1–4 (DE 1-1 – DE 1-4)

    Br. = ElectroCore's Brief in Support of the Motion to Dismiss (DE 22-1)

    Opp. = Chadwick's Opposition to the Motion to Dismiss (DE 28)

    Reply = ElectroCore's Reply in Further Support of the Motion to Dismiss (DE 31)

I. **BACKGROUND**

Chadwick is a professional photographer who licenses his works to clients. (Compl. ¶ 3.) ElectroCore is the manufacturer and seller of gammaCore, a handheld medical device designed to treat migraines. (*Id.* ¶ 8.) This action arises out of professional photographs that Chadwick provided ElectroCore for the purpose of marketing gammaCore. (*Id.* ¶¶ 14, 18.)

Chadwick was retained for gammaCore marketing photoshoots in March and December 2017. (*Id.* ¶¶ 14, 18.) Following each photoshoot, Chadwick issued an invoice that limited ElectroCore's use of the images to two years. (*Id.* ¶¶ 16, 19.) The invoice for the December photoshoot further restricted image use to North America and Europe, while the invoice for the March photoshoot restricted image use to the United States. (*Id.*)[2]

In December 2021, beyond the two-year limitation period, Chadwick discovered that ElectroCore was still using many of the photoshoot images. (*Id.* ¶ 20.)[3] Chadwick also discovered that, despite some images having been restricted to the United States pursuant to the March invoice, ElectroCore was using them in the United Kingdom. (*Id.* ¶¶ 25–26.) At the time, Chadwick reminded ElectroCore of the license expiration and unauthorized use, and he requested payment for all additional uses. (*Id.* ¶ 21.) ElectroCore, however, denied any wrongdoing and refused to make payment. (*Id.* ¶¶ 21–22.) Ultimately, Chadwick registered copyrights in the images. (*Id.* ¶¶ 32–33.)

In August 2022, Chadwick filed this action against ElectroCore for copyright infringement. (*Id.* ¶¶ 29–40.) According to Chadwick, ElectroCore has "received ill-gotten revenues and profits" and "sold millions of dollars' worth of

---

[2] Chadwick's invoice for the March photoshoot included an option for global image use at a higher fee, but ElectroCore paid the lower fee for domestic image use. (Compl. ¶ 17.)

[3] Chadwick found that the images were still posted on the ElectroCore and gammaCore websites, Instagram, Facebook, YouTube, Twitter, and traditional media platforms. (*Id.* ¶ 28; Compl. Ex. 2.)

its gammaCore product" as a result of the copyright infringement, which has caused "significant injuries, damages, and losses." (*Id.* ¶¶ 38–40.) Therefore, Chadwick seeks injunctive relief and all allowable damages under the Copyright Act. (*Id.* ¶ 2.)

On March 3, 2023, ElectroCore filed the current motion for judgment on the pleadings (DE 22), along with a brief in support of the motion (Br.). On April 3, 2023, Chadwick filed an opposition (Opp.), and on April 10, 2023, ElectroCore filed a reply (Reply).

## II.   LEGAL STANDARDS

Under Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed. In general, the district court "analyzes a motion for judgment on the pleadings via the same standard applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Rivera v. City of Camden Bd. of Educ.*, 634 F. Supp. 2d 486, 488 (D.N.J. 2009).

Under Rule 12(b)(6), a party may move dismiss a complaint for failure to state a claim to relief. For purposes of the motion, the district court accepts the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). While the complaint need not contain detailed factual allegations, Fed. R. Civ. P. 8(a), it must contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, "conclusory or bare-bones allegations will no longer survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations omitted).

### III. DISCUSSION

ElectroCore argues that it is entitled to judgment on the pleadings because Chadwick does not set forth a basis for damages. (Br. at 16.) As to statutory damages and attorneys' fees, ElectroCore asserts that Chadwick is barred from recovery because he registered his copyrights long after publication of the images. (*Id.* at 16–20.) And as to actual damages, ElectroCore contends that Chadwick does not sufficiently allege a causal nexus between gammaCore sales and the losses he sustained. (*Id.* at 20–22.)

Chadwick concedes that statutory damages and attorneys' fees cannot be recovered. (Opp. at 6.) But Chadwick maintains that he is not required to plead actual damages. (*Id.* at 12.) Chadwick also argues that he has adequately alleged actual damages in the form of licensing fees, as well as a causal nexus to gammaCore profits. (*Id.* at 13–19.)

The Court agrees with Chadwick that actual damages are not required to be shown with any particular specificity, or indeed at all, at the pleading stage. *See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."). In any event, assuming that actual damages must be pled as an element, Chadwick has sufficiently alleged that ElectroCore refused to pay for unauthorized uses of the image, as it was required to do as a matter of law and equity. These allegations plausibly support an entitlement to damages. *See Leonard v. Stemtech Int'l Inc*, 834 F.3d 376, 390–91 (3d Cir. 2016) (lost licensing fees one measure of copyright infringement damages). Accordingly, I do not reach other theories of damages or ElectroCore's argument regarding a causal connection

to sales (*see* Reply at 6–7).[4] Further elaboration can await discovery and, if appropriate, motions for summary judgment.

Since Chadwick has set forth an adequate basis for some form of damages, the copyright infringement claims will not be dismissed, and ElectroCore's motion for judgment on the pleadings is denied.

### IV.   CONCLUSION

For the reasons set forth above, the motion for judgment on the pleadings is **DENIED**. A separate order will issue.

**Dated**: October 3, 2023

/s/Kevin McNulty
**KEVIN MCNULTY**
**United States District Judge**

---

[4] For the same reason, I need not decide whether the allegations concerning profits contain enough factual detail to plausibly set forth an alternative theory of actual damages akin to the theory accepted in *Internet Products LLC v. LLJ Enterprises, Inc.*, Civ. No. 18-15421, 2020 WL 6883430, at *5 (D.N.J. Nov. 24, 2020). (*See* Reply at 7–10.) Nor need I scrutinize the allegations regarding injunctive relief (*see* Reply at 10–11), as "courts are generally reticent to dismiss requests for injunctive relief at the pleading stage," *CLI Interactive, LLC v. Diamond Phil's, LLC*, Civ. No. 22-01602, 2023 WL 1818381, at *9 (D.N.J. Feb. 8, 2023) (citations omitted) (cleaned up).